UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

MADONNA CARLSON-ALOJADO,

        Plaintiff,                                **COMPLAINT**

v.

                                                 **JURY TRIAL DEMANDED**

ALPHA RECOVERY CORPORATION,

        Defendant.

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Madonna Carlson-Alojado (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8. Defendant Alpha Recovery Corporation (hereinafter "Defendant") is a Colorado company located at 5660 Greenwood Plaza Boulevard, Suite 101, Greenwood Village, CO 8011.

9. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

### FACTUAL SUMMARY

10. Sometime prior to December 2011, upon information and belief, Plaintiff's husband incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), namely a personal loan from the entity Beneficial, which is, upon information and belief, a subsidiary of the HSBC Finance Corporation.

11. Plaintiff is not a named party to the original contract creating the alleged debt.

12. Sometime after December 2011, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

13. On October 22, 2012, Plaintiff received a telephone call from Defendant, which was a "communication" as that term is defined by Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

14. During the October 22, 2012 telephone call, Defendant's collection agent demanded Plaintiff pay the alleged debt of her husband. Defendant identified the alleged debt as the past-due balance of the loan from Beneficial.

15. During the October 22, 2012 telephone call, Defendant's agent stated her certainty that Plaintiff knew about the alleged debt owed by Plaintiff's husband and that Plaintiff was "morally obligated" to pay her husband's alleged debt.

16. Plaintiff responded to Defendant's collection agent by stating that she never signed any agreement binding her to the alleged debt, that she was not legally obligated to pay any amount to Defendant, and that Plaintiff had no knowledge of the alleged debt prior to receiving Defendant's call.

17. Defendant's collection agent asserted that Plaintiff was lying.

18. Defendant's collection agent did not identify any legal theory under which Plaintiff would have an obligation to pay her husband's alleged debt.

## Violations of The Fair Debt Collection Practices Act

19. Defendant's assertion that a moral obligation required Plaintiff to pay the alleged debt and subsequent accusation that Plaintiff was a liar was conduct the natural consequence of which harassed, oppressed, or abused Plaintiff, violating Section 806 of the FDCPA, 15 U.S.C. § 1692d.

20. Defendant's assertion that a moral obligation bound Plaintiff to pay an alleged debt which originated from a contract to which Plaintiff was not a party is a false, deceptive, or misleading representation or means in

connection with the collection of an alleged debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(7) and 1692e(10).

21. Defendant's assertion that Plaintiff is a liar is a false, deceptive, or misleading representation or means in connection with the collection of an alleged debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

22. Defendant's assertion that a moral obligation required Plaintiff to pay the alleged debt and subsequent accusation that Plaintiff was a liar constitutes an unfair or unconscionable means to collect an alleged debt, violating Section 808 of the FDCPA, 15 U.S.C. § 1692f

23. Defendant's attempt to compel Plaintiff to pay an alleged debt which Defendant asserts is owed by Plaintiff's husband is an attempt to collect an amount not authorized by the agreement creating the alleged debt or permitted by law, violating Section 808 of the FDCPA, 15 U.S.C. §§ 1692f and 1692f(1).

**Actual Damages**

24. Plaintiff suffered actual damages under the FDCPA in the form of sleeplessness, fear of answering the telephone and door, nervousness, embarrassment when talking to or seeing friends and family, and negative impacts on personal and professional relationships.

## Respondeat Superior Liability

25. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

26. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

28. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

29. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

30. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

35. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

36. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

37. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated: December 5, 2012        MARTINEAU, GONKO & VAVRECK, PLLC

                                                           s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
mvavreck@mgvlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF WASHINGTON )

MADONNA CARLSON-ALOJADO, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

s/ Madonna Carlson-Alojado
Madonna Carlson-Alojado

Subscribed and sworn to before me this 5 day of Dec 2012.

_____
Notary Public



9